**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCK SHARP & DOHME CORP., <br><br> Plaintiff, <br><br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Case No. 15-2384 (PGS) (TJB) <br><br> *Document Filed Electronically* <br><br> **Motion Return Date: July 18, 2016** |

**DEFENDANT APOTEX CORP.'S BRIEF IN OPPOSITION TO PLAINTIFF MERCK SHARP & DOHME CORP.'S MOTION FOR ADMISSION *PRO HAC VICE* OF PETER J. CHASSMAN AND KEVIN E. CADWELL**

Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, New Jersey 07102
Telephone: (973) 622-3333
Facsimile: (973) 622-3349

William A. Rakoczy (wrakoczy@rmmslegal.com)
Paul J. Molino (paul@rmmslegal.com)
Deanne M. Mazzochi (dmazzochi@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson
(manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 222-6301 (telephone)
(312) 222-6321 (facsimile)

*Attorneys for Defendant Apotex Corp.*

Dated: July 5, 2016

## TABLE OF CONTENTS

ARGUMENT .................................................................................................................. 1

    I.      MERCK'S MOTION IS STILL PREMATURE. ..................................................... 1

    II.     MERCK HAS NOT COMPLIED WITH THE DISQUALIFICATION ORDER. ................................................................................................................. 2

CONCLUSION ............................................................................................................... 4

Apotex respectfully submits this Brief in Opposition to Merck's motion for *pro hac vice* admission (D.I. 75) because (1) Merck's motion is both premature and unnecessary in view of Merck's pending motion for certification and to stay the matter and Merck's anticipated interlocutory appeal of this Court's Disqualification Order; and (2) Merck's proposed declarations of compliance with the Court's Disqualification Order are insufficient.

## ARGUMENT

### I.   MERCK'S MOTION IS STILL PREMATURE.

Following Apotex's filing of its motion to disqualify Merck's counsel, Merck filed a motion for *pro hac vice* admission for Mr. Peter J. Chassman and Mr. Kevin E. Cadwell of Reed Smith LLP.[1] (D.I. 49). In response, Apotex opposed Merck's motion citing to the then-pending issue of disqualification of Merck's counsel as the basis for Merck's motion being premature. (D.I. 59). This Court found "it is more efficient for the District Court to decide the motion to disqualify before this Court reaches either the *pro hac vice* motion or request to amend." (D.I. 66). Thus, this Court "administratively terminated" "[t]he *pro hac vice* motion [Docket Entry No. 49]." (*Id.*)

On May 31, 2016, this Court held a hearing regarding Apotex's motion to disqualify Merck's counsel, and following oral argument, the Court granted Apotex's motion, in part, and disqualified Merck's counsel, Messrs. Barzoukas and Davis. (D.I. 70, 68). On June 15, 2016, Merck filed its motion seeking certification of the Disqualification Order "for immediate interlocutory appeal to the Federal Circuit" and to stay the proceedings pending Merck's proposed appeal of the Disqualification Order. (D.I. 72). On the same day, Merck also filed its renewed *pro hac vice* motion for Messrs. Chassman and Cadwell.

---

[1] Apotex's motion to disqualify Merck's counsel requested disqualification of, *inter alia*, Merck's lead counsel, Mr. Nicolas G. Barzoukas and Mr. Joshua P. Davis of Reed Smith LLP. (*See* D.I. 39-7).

1

As the issue of the disqualification of Merck's counsel is still pending through Merck's motion for certification and Merck's proposed interlocutory appeal of the Disqualification Order, Apotex submits that Merck's renewed *pro hac vice* motion is premature, unnecessary, and should not be decided until final resolution of the disqualification issue.[2]  Moreover, Merck has even requested the Court permit the disqualified attorneys to participate in the interlocutory appeal of the Disqualification Order.  (D.I. 73 at 21).  As such, Apotex requests the Court deny Merck's motion for *pro hac vice* admission as premature and unnecessary as the issue of disqualification of Merck's counsel, according to Merck, has not been completely resolved.

## II.     MERCK HAS NOT COMPLIED WITH THE DISQUALIFICATION ORDER.

As noted above, this Court should deny Merck's motion for *pro hac vice* admission as premature and unnecessary.  Moreover, the Court should separately deny Merck's motion because Merck's proposed declarations of compliance with the Disqualification Order are insufficient.

The Disqualification Order requires Merck's litigation counsel "Baker Botts LLP and Reed Smith LLP . . . develop a system that prevents disclosure of any information gathered in *Apotex I* stemming from the relationship of Mr. Barzoukas, Mr. Davis and Dr. Cockcroft, and that such information be segregated and not disclosed to other lawyers and assistants of the firms."  (D.I. 68 at 1).  Apotex provided Merck with a draft declaration that, if executed, would have provided assurance that Merck has complied with the Disqualification Order.  (Anderson

---

[2] As noted in Apotex's opposition to Merck's initial *pro hac vice* motion for Messrs. Chassman and Cadwell (D.I. 59), Apotex will not oppose Merck's motion for *pro hac vice* admission if the final determination on Apotex's Motion to Disqualify Merck's Counsel is a denial of Apotex's motion.

Decl. Ex. 1,[3] *Declaration E-mail*; Ex. 2, *June 9, 2016 Draft Declaration*).  In response, Merck provided proposed versions of heavily-revised declarations that removed most of the language Apotex included to provide assurance of compliance.  (*See* Anderson Decl. Ex. 3, *Executed Declarations*).  The revised declarations fail to include language that states: (1) each declarant understood the Disqualification Order; (2) any information[4] stemming from the Merck-Cockcroft engagement had not been provided, directly or indirectly, to any counsel of record; (3) any information stemming from the Merck-Cockcroft engagement had not been provided, directly or indirectly, to any of attorneys who may seek *pro hac vice* admission to this Court in this matter; (4) information stemming from the Merck-Cockcroft engagement had been segregated and will not be disclosed to others, including lawyers and assistants employed by Baker Botts LLP and Reed Smith LLP.  (Anderson Decl. Ex. 3, *Executed Declarations*).  With Merck's revisions, the proposed declarations are insufficient and fail to provide the assurance that Merck has complied with the Court's Disqualification Order.

As included in the draft declaration Apotex sent to Merck, certain language should be included to provide assurance that Merck has complied with the Court's Disqualification Order.  Apotex would not oppose Merck's motion for *pro hac vice* admission if Merck's counsel would sign the proposed declaration from Apotex, submitted herewith for the Court's reference.  (*See* Anderson Decl. Ex. 4, *Proposed Declaration*).  However, if Merck is unwilling to do so, then for

---

[3] Exhibits are attached to the Declaration of Matthew V. Anderson, Esq. ("Anderson Decl."), dated July 5, 2016.

[4] The proposed heavily-revised declarations from Merck included the term "substantive information" in exchange for the term "any information" originally included in the draft declarations proposed by Apotex.  Thus, any representation made referencing "substantive information" stems from the subjective viewpoint of the disqualified counsel which does not provide assurance that Merck has complied with the Disqualification Order.

the additional reasons above, Apotex cannot presently consent to Merck's motion for *pro hac vice* as Merck has not complied with the Disqualification Order.

\*     \*     \*

## CONCLUSION

For the foregoing reasons, Apotex respectfully requests that the Court deny Merck's motion for *pro hac vice* at this time. In the alternative, Apotex respectfully requests that the Court stay any decision until the pending issue of disqualification of Merck's counsel is resolved, and/or Merck provides executed versions of the proposed declarations.

Dated: July 5, 2016                           Respectfully submitted,

**SAIBER LLC**
*Attorneys for Defendant Apotex Corp.*

/s Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
One Gateway Center, Suite 1000
Newark, New Jersey 07102-5311
(973) 622-3333 (telephone)
(973) 622-3349 (facsimile)

William A. Rakoczy (wrakoczy@rmmslegal.com)
Paul J. Molino (paul@rmmslegal.com)
Deanne M. Mazzochi (dmazzochi@rmmslegal.com)
Joseph T. Jaros (jjaros@rmmslegal.com)
Matthew V. Anderson
(manderson@rmmslegal.com)
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
(312) 222-6301 (telephone)
(312) 222-6321 (facsimile)

4