**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCK SHARP & DOHME CORP., | |
| Plaintiff, | Case No. 15-2384 (PGS) (TJB) |
| v. | *Document Filed Electronically* |
| APOTEX INC. and APOTEX CORP., | |
| Defendants. | |

**DEFENDANT APOTEX CORP.'S BRIEF IN OPPOSITION TO
MERCK'S MOTION FOR INTERLOCUTORY APPEAL**

William A. Rakoczy
Deanne M. Mazzochi
Joseph T. Jaros
Matthew V. Anderson
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
T: (312) 222-6301
F: (312) 222-6321
wrakoczy@rmmslegal.com

Arnold B. Calmann
Jakob B. Halpern
SAIBER LLC
One Gateway Center, Suite 1000
Newark, New Jersey 07102-5311
T:  (973) 622-3333
F:  (973) 622-3349
abc@saiber.com

*Attorneys for Defendant Apotex Corp.*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

STATEMENT OF POSITION ............................................................................................. 1

     I.      Limited Discovery of Any Factual Basis. ................................................................. 1

     II.     Alternatively, the Record on Appeal Should Remain Closed. ................................. 2

     III.    Apotex Would Not Oppose the Requested "Stay." ................................................. 3

CONCLUSION ..................................................................................................................... 3

## TABLE OF AUTHORITIES

**Federal Cases**

*Cordy v. Sherwin-Williams Co.*,
    156 F.R.D. 575 (D.N.J. 1994)............................................................................................... 2

**INTRODUCTION**

Apotex opposes Merck's motion for interlocutory appeal for two primary reasons. *First*, Merck's brief contains a series of unsubstantiated representations to this Court that have not been subject to discovery or deposition examination. *Second*, contrary to the Disqualification Order, Merck requests that disqualified counsel be allowed to "participate in the appeal."

Although Apotex does not agree that Merck has met its burden on any of the three requirements for appeal, to the extent the Court is inclined to allow appeal, Apotex respectfully requests that the Court condition certification on expedited discovery limited to any factual basis for Merck's representations. Alternatively, Apotex respectfully requests that the Court rule that disqualified counsel cannot "participate" in the appeal, and that Merck's briefing in support of its motion for appeal will not be part of the record on appeal.

**STATEMENT OF POSITION**

**I.    Limited Discovery of Any Factual Basis.**

Merck's brief in support of its motion for interlocutory appeal is predicated on a series of unsubstantiated representations to this Court. (*See, e.g.*, D.I. 73 at 5 ("Dr. Cockcroft was not retained to consult or to testify against Apotex or ***about Apotex's product*** in any forum."); 5 ("Dr. Cockcroft's work for Merck in the *Teva/Amneal* Actions was ***substantively unrelated*** to the work he conducted for Apotex."); 5 ("***certain advances in laboratory equipment*** became available to Dr. Cockcroft that allowed him to employ the analytical technique that he used on Merck's behalf in connection with the *Teva* matter"); 18 ("***there is no evidence*** here . . . that Dr. Cockcroft shared, nor that counsel for Merck sought, Apotex's confidential information"); 18 ("***There is no evidence*** to suggest any impropriety at all on the part of Merck's counsel.") (emphases added)).

Because Merck once again relies on various representations without any supporting declaration from Merck, Mr. Barzoukas or Mr. Davis, Apotex respectfully requests the following limited discovery: (1) document production; (2) written responses to document requests and interrogatories, including any privilege log; and (3) depositions of Merck, Mr. Barzoukas, Mr. Davis and Dr. Cockcroft. If, in fact, Merck's representations to this Court regarding "no evidence to suggest any impropriety" are accurate, true and complete, Merck should be more than willing to provide the requested limited discovery because it will be narrowly tailored to the alleged factual basis for its proposed appeal. Moreover, consistent with Merck's proposal to conserve the resources of the parties and the Court, Apotex's proposed limited discovery should avoid the need for further discovery on any remand.[1]

## II.   Alternatively, the Record on Appeal Should Remain Closed.

If the Court does not condition certification on the requested limited discovery, Apotex respectfully submits that the disqualification record should remain closed. The one and only reason Merck provides for an exception to the Disqualification Order is that Merck's disqualified attorneys are "most knowledgeable about the situation at hand." (D.I. 73 at 3). But this "reason" can mean only one thing. Merck intends to continue making unsubstantiated representations in its appeal briefing, and Merck's disqualified counsel intend to repeat these unsubstantiated representations at any oral argument. This would be one-sided and unfair.

---

[1] In *Cordy*, for example, this Court received affidavits and live testimony from the ultimately disqualified attorneys. *Cordy v. Sherwin-Williams Co.*, 156 F.R.D. 575, 576 (D.N.J. 1994) ("Having had an opportunity to review the affidavits and judge the credibility of the witnesses through hearing their testimony, the Court makes the following findings: . . ."). Notably, although Apotex repeatedly invited Merck's disqualified counsel to substantiate their representations through declarations and documentary evidence, including, for example, the Merck-Cockcroft engagement letter, Merck repeatedly declined to do so.

Apotex respectfully submits that Merck cannot have it both ways.  Either Merck provides limited discovery on any factual basis underlying its representations, or, alternatively, the record on appeal should remain frozen.  Merck should not be allowed to include new arguments and new representations on appeal that were never presented nor substantiated to this Court.  And Merck should not be allowed to use disqualified counsel to present arguments and make representations on appeal that were never made to this Court.

### III. Apotex Would Not Oppose the Requested "Stay."

If the Court allows Merck's proposed appeal, Apotex agrees that Merck's proposed stay would conserve resources.  Apotex maintains, however, that Merck's operative complaint remains defective, and that Merck had no good faith basis to file this suit because there was no jurisdiction and no potential claim against Apotex until launch of a product in the United States.  The fact that Merck repeatedly threatened to seek an injunction—but repeatedly decided to not do so—further proves this point.  Therefore, a stay of this case pending appeal is appropriate.

### CONCLUSION

In summary, if the Court is inclined to allow interlocutory appeal, Apotex respectfully proposes the following alternative conditions necessary to certification:

**(A)** Merck provides expedited discovery limited to any factual basis for Merck's representations;

**-OR-**

**(B)** The Court rule that disqualified counsel cannot "participate" in the appeal, and that Merck's briefing in support of its motion for appeal will not be part of the record on appeal.

*   *   *

Dated: July 5, 2016                                  Respectfully submitted,

/s Arnold B. Calmann
Arnold B. Calmann

Jakob B. Halpern
**SAIBER LLC**
One Gateway Center, Suite 1000
Newark, New Jersey 07102-5311
T: (973) 622-3333
F: (973) 622-3349
acb@saiber.com

OF COUNSEL:
William A. Rakoczy
Deanne M. Mazzochi
Joseph T. Jaros
Matthew V. Anderson
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
T: (312) 222-6301
F: (312) 222-6321
wrakoczy@rmmslegal.com

*Attorneys for Defendant Apotex Corp.*